# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RASHEED A. ADEDOKUN** | * | |
| Petitioner | * | |
| v. | * | Civil No. PJM 16-3784 |
| | * | (Related to Criminal No. PJM 14-142) |
| **UNITED STATES OF AMERICA** | * | |
| Respondent | * | |

## MEMORANDUM OPINION

Rasheed Adedokun, *pro se*, has filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 189) and a Motion for Appointment of Counsel (ECF No. 198). The Court has considered the Motions and the Government's Opposition. For the reasons that follow, the Court **DENIES** both Motions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2014, a Superseding Indictment charged Adedokun with: (1) conspiracy to commit access device fraud; (2) use of unauthorized access devices; (3) aggravated identity theft; (4) possession of counterfeit access devices; and (5) possession of device-making equipment. ECF No. 32.

On July 9, 2015, in response to Adedokun's counsel's Motion to Withdraw as Counsel, the Court struck the appearance of the Office of the Federal Public Defender and appointed Marc Gregory Hall, Esquire, as substitute counsel. ECF No. 96. Subsequently, the Government offered Adedokun a plea agreement which, by its terms, would be revoked if not accepted by November 12, 2015. ECF No. 145. On the advice of counsel, Adedokun accepted the offer and, on November 13, 2015, he pled guilty to counts two, three, and five of the Superseding Indictment. ECF Nos. 145, 176. However, due to a paperwork glitch, Adedokun's and Hall's signatures were

missing from the Court's copy of the agreement. The Court, however, confirmed both Adedokun and his counsel had "seen [the plea agreement] before today" and "were just sort of filling it out today having read and considered it previously" before asking both of them to sign the agreement again. ECF No. 176 at 6-7.

After accepting the plea, the Court held a sentencing hearing on February 3, 2016. Relying on the Pre-Sentence Report (PSR), the Court determined Adedokun's total offense level to be 16 and his criminal history category to be III. The offense level included a two-level enhancement because "the offense involved the possession or use of device-making equipment." ECF No. 149. As a result, the Court sentenced Adedokun to a total term of 54 months' imprisonment, followed by four years of supervised release, and imposed $107,403.61 in restitution. ECF No. 155.

Adedokun filed a timely notice of appeal, which the Fourth Circuit dismissed on October 13, 2016, since he had waived his right to appeal as part of his plea agreement. ECF Nos. 157, 186. Adedokun did not file a writ of certiorari with the United States Supreme Court. ECF No. 189.

On November 21, 2016, he filed the present Motion to Vacate. ECF No. 189. The Government filed an Opposition on January 30, 2017, and Adedokun replied on February 27, 2017. ECF Nos. 192-93. Adedokun subsequently filed a Motion for Appointment of Counsel on August 21, 2017. ECF No. 198.

## II. STANDARD OF LAW

Under 28 U.S.C. § 2255, a prisoner in federal custody may file a motion challenging the legality of a federal sentence on one or more of the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court

lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

However, post-conviction collateral attack is not a substitute for direct appeal. Before the Court can reach the merits, the movant must overcome certain procedural hurdles. One such hurdle is the procedural default rule. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Frady*, 456 U.S. 152, 168-70 (1982). A claim which could have been but was not raised on a petitioner's direct appeal may not be raised in a § 2255 motion unless there is demonstrable cause for the petitioner's failure to raise the claim in that appeal, and actual prejudice is shown to have resulted from the alleged error. *Frady*, 456 U.S. at 168-70. "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). The standard for prejudice is that the alleged error that led to the issue not being brought on appeal worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170.

Likewise, a petitioner cannot re-raise arguments in a habeas petition that were already raised on direct appeal. *Withrow v. Williams,* 507 U.S. 680, 721 (1993) (Scalia, J., concurring), *United States v. Linder*, 522 F.3d 391, 396-97 (4th Cir. 2009). Furthermore, a petitioner may not raise successive claims in a § 2255 Motion to Vacate by asserting different legal theories in support of the same objection. *Sanders v. U.S.*, 373 U.S. 1, 15-16 (1963).

### III. ANALYSIS

Adedokun makes four claims in support of his Motion to Vacate: (1) his Sixth Amendment right to counsel was violated; (2) his plea agreement was invalid; (3) the Court erred

in imposing a two-level sentence enhancement; and (4) the Court erred in including the Virginia conviction in his criminal history score. ECF No. 189. The Court considers each claim in turn.

### A. *Claim One*

First, Adedokun asserts that his Sixth Amendment right to counsel was violated because he "clearly expressed he was unhappy with" his counsel but was forced to keep him. ECF No. 189 at 5. To support his claim, he directs the Court to docket entries 125 and 128, which correspond to filings in October 2015.

However, Adedokun had several opportunities to express his unhappiness with Hall's services after October 2015, but did not raise the issue until this present Motion. For instance, at the plea hearing on November 13, 2015, Adedokun informed the Court that he was satisfied with Hall:

> THE COURT: Are you satisfied with [Mr. Hall's] services?
>
> ADEDOKUN: Reasonably, yes, Your Honor.
>
> THE COURT: Reasonably? What I don't want you to do is come back here in six months and say, he didn't do this, that or the other. You have a problem with his services, you tell me now.
>
> ADEDOKUN: No. Your Honor, it's been fine.
>
> THE COURT: Very well. Now, taking into account everything said, do you still choose to plead guilty to these charges?
>
> ADEDOKUN: Yes, Your Honor.

ECF No. 176 at 27-28. Similarly, at the February 2016 sentencing hearing, the Court provided Adedokun another opportunity to address any issues with his attorney. ECF No. 183 at 69-73. He

3

expressed none. Nor did he raise the issue on direct appeal.[1] Thus, Claim One is unquestionably procedurally defaulted.

To the extent Adedokun attempts to raise an ineffective assistance of counsel claim to surpass the procedural default rule, he has not satisfied the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To obtain a reversal of a conviction based on ineffective assistance of counsel, a petitioner must show "[f]irst, that counsel's performance was deficient" and, second, "that the deficient performance prejudiced the defense" so as to deprive the defendant of a fair trial. *Id.* He has failed to address either prong at all, much less allege specific facts in support of them.

### B. Claim Two

Adedokun next asserts that his plea deal was invalid because it was not signed until November 13, 2015, even though it stated that it must be accepted by November 12, 2015. ECF No. 189 at 5.

Again, Adedokun had several opportunities to address the validity of his plea agreement during the underlying proceedings but instead raises the issue for the first time in this collateral proceeding. He has not shown any cause or prejudice to excuse his procedural default. Indeed, the Court confirmed that Adedokun and his lawyer had both seen and reviewed the plea agreement before November 13, 2015, and were merely resigning it for the Court:

> THE COURT: You have seen this document before?
>
> HALL: Yes, we have, Your Honor.

---

[1] The fact that Adedokun had waived his right to appeal does not change the outcome. *See United States v. Jones*, 56 F.3d 62 (4th Cir. 1995) (table decision) ("Although Jones's plea agreement prevented him from appealing, this is not sufficient cause for his procedural default. A knowing and voluntary waiver of the right to appeal is valid and enforceable."); *see also Linder*, 552 F.3d at 396-97 (citing Means, Fed. Habeas Practitioner Guide, Jurisdiction ¶ 1.23.0 (2006/2007)).

> THE COURT: Very good, all right. And then there also is a signature line on page 12, Mr. Adedokun, with regard to having stipulated to the facts and reviewed it with your attorney, and you acknowledged it to be true and correct with the date 11/13/15 to the left. Now, do you see that?
>
> ADEDOKUN: Yes, Your Honor.
>
> THE COURT: Have you seen it before today?
>
> ADEDOKUN: Yes.
>
> THE COURT: You're just sort of filling it out today having read and considered it previously?
>
> ADEDOKUN: Yes, Your Honor.
>
> THE COURT: All right. Now, as I understand it, you are at this time prepared to enter a plea to Counts Two, Three and Five of the Superseding Indictment; is that correct?
>
> ADEDOKUN: Yes, Your Honor.

ECF No. 176 at 5-7. Claim Two also fails under the procedural default rule.

### C. Claims Three and Four

In his third and fourth claims, Adedokun alleges that the Court erred in determining his sentence. First, he asserts that the two-level enhancement imposed by the Court was not warranted because it constituted double counting under U.S.S.G. § 2B1.6 since he was also convicted of aggravated identity theft. Additionally, he claims that the Court erred in considering his 2010 conviction for credit card larceny in Virginia as part of his criminal history score. According to Adedokun, the Virginia conviction does not constitute a prior sentence under U.S.S.G. § 4A1.2(a)(1) because it was part of the same conduct that led to the charges in this case.

Without reaching the merits, the Court finds both claims are procedurally barred. Adedokun raised these very same issues on direct appeal, presenting them as a single argument. ECF No. 189-1 at 34-41. The Fourth Circuit dismissed them, concluding "Adedokun knowingly and voluntarily waived his right to appeal." ECF No. 186. Attempting to repackage them now as separate habeas claims affords him no relief. *See Linder*, 522 F.3d at 396-97 (stating that a petitioner who has waived his right to appeal "may not circumvent a proper ruling on his . . . direct appeal by re-raising the same challenge in a § 2255 motion"); *see also Sanders*, 373 U.S. at 15-16.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the record and finds that Adedokun has not made the requisite showing here.[2]

## V. CONCLUSION

For the foregoing reasons, Adedokun's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 189) and Motion for Appointment of Counsel (ECF No. 198) are **DENIED**.

---

[2] There is no need to appoint counsel in this case. Adedokun's Motion in that regard will also be **DENIED.**

A separate Order will **ISSUE**.

                                                            /s/

                                    **PETER J. MESSITTE**
                            **UNITED STATES DISTRICT JUDGE**

**November 21, 2017**